UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-1120 HEA |
| ) | |
| CAPITAL ONE, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Darnell Murphy for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Complaint**

Plaintiff Darnell Murphy filed this action on September 7, 2023, by filing a form "Civil Complaint" naming Capital One, as the sole defendant in this action. In the body of his complaint, plaintiff claims that the jurisdictional basis for the present action is "the Federal Reserve Act.[1]"

---

[1] On his "Civil Cover Sheet" attached to his Complaint, plaintiff claims that the jurisdictional basis for this action is "breach of contract."

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Complaint**

Plaintiff Darnell Murphy filed this action on September 7, 2023, by filing a form "Civil Complaint" naming Capital One, as the sole defendant in this action. In the body of his complaint, plaintiff claims that the jurisdictional basis for the present action is "the Federal Reserve Act.[1]"

---

[1] On his "Civil Cover Sheet" attached to his Complaint, plaintiff claims that the jurisdictional basis for this action is "breach of contract."

Plaintiff does not appear to be bringing his lawsuit under the diversity statute, as he has not identified the state of his own citizenship or that of Capital One Financial Corporation.[2] Moreover, plaintiff failed to fill in the section titled "Amount in Controversy."

For his "Statement of Claim" plaintiff states the following:

> Plaintiff and Defendant are in a credit card agreement. Under the agreement the Defendant is to make available the statements at the end of each billing cycle. Plaintiff promise to pay all amounts due on the account.
>
> On August 10, 2023, the Defendant received a tender, and the bill for payment to the Plaintiff's account and Defendant did not transfer Principal's balance to Principal's account for set-off.[3]
>
> As of the date of this claim the Principal account is current in default for nonpayment.
>
> I Pray court makes judgment is in favor of Plaintiff and require Defendant to perform its fiduciary duty and apply Principal's balance to Principal's account for set-off every billing-cycle and promptly return all unearn[ed] interest to the Plaintiff.
>
> For relief in this action plaintiff seeks over three million dollars in civil penalties.

### Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

---

[2] The Court takes judicial notice that in *Pierre v. Capital One Corporation*, No. 21-CV-30 (PKC) (LB), 2021 WL 11690691, *2 (E.D. N.Y. March 5, 2021), Capital One Corporation pled that it was a Delaware corporation with its principal place of business in Virginia.

[3] The Court notes that plaintiff has not indicated whether he had a contract with defendant wherein he agreed that if he owed fees on the account of any kind (such as monthly, yearly or late fees) that the tender would need to be paid first on the fees and then on the balance after such fees.

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

Plaintiff's complaint fails to establish this Court's jurisdiction under either basis. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Diversity jurisdiction does not appear to exist here. In this case, defendant is Capital One (Financial Corporation). Plaintiff has failed to indicate his own state of citizenship (not residency), and he also failed to indicate the state where Capital One is incorporated and where Capital One has its principal place of business. Assuming without deciding that the parties are diverse in citizenship, plaintiff has still failed to show that the amount in controversy is over $75,000.

Plaintiff has failed to indicate that the amount in controversy, i.e., the actual amount in damages in this action, is over $75,000. Plaintiff identifies this action as a breach of contract – meaning that he attempted to provide payment to his credit card company, but the payment was not accepted. He does not indicate what the actual cost of his Capital One bill was. He additionally fails to assert how much he attempted to tender to Capital One, and how much he believes he was harmed by Capital One in monetary value, not just the value of a civil penalty under the Federal Reserve Act. As noted below, plaintiff has not stated a proper claim for relief under the Federal Reserve Act such that this Court has federal question jurisdiction.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Plaintiff's complaint is drafted on a court-form for filing civil claims. As noted above, plaintiff indicates that he is asserting a breach of contract action. Although he claims he is also suing under the "Federal Reserve Act," plaintiff has failed to articulate a specific cause of action under the Federal Reserve Act. To the extent that plaintiff seeks to assert a claim under the Federal Reserve Act, he lacks a cause of action to do so. Plaintiff seems to suggest that Capital One was violating Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-21, which governs the issuance and redemption of Federal Reserve notes. As a result, plaintiff alleges that Capital One is subject to penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct. But the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act. *Benz-Puente v. Truist Fin.*, No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023) (Smith, J.) (compiling cases supporting finding that Section 29 "does not create a private right of action").

Based on the aforementioned, nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because plaintiff

has not indicated that his actual damages are over $75,000. As a result, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff will be required to show cause, **within twenty-one (21) days of the date of this Memorandum and Order**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the Court's Order, this action may be dismissed, without prejudice.

Dated this 12th day of September, 2023.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE